**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00704-MSK-STV

FOUR WINDS INTERACTIVE LLC, a Colorado limited liability company,

    Plaintiff,

v.

22 MILES, INC., a California corporation,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendant's Motion to Stay [#62] (the "Motion"). The Motion has been referred to this Court [#64]. Plaintiff responded to the Motion on December 27, 2016 [#75], and Defendant filed a reply on January 3, 2017 [#77]. This Court heard argument on the Motion on January 6, 2017. For the following reasons, I **DENY** the Motion.

**I.    Background**[1]

    According to the Amended Complaint, Plaintiff is a "leader in the market for visual communications and digital signage." [#59, ¶ 7] The core of Plaintiff's software platform and its most important offerings are Content Player and Content Manager. [*Id.* at ¶ 8] Content Manager is a program for managing, configuring and deploying any content to any digital screen, "from a fifty-foot video wall to a mobile handheld device."

---

[1] To provide background for the pending Motion to Stay, the Court draws facts from the allegations in Plaintiff's Amended Complaint [#59].

[*Id.*] One feature of Content Player and Content Manager is wayfinding, which allows a programmer to generate maps with customized directions from multiple perspectives. [*Id.*] Plaintiff owns copyrights in original and protected literal and nonliteral elements of Content Manager and Content Player. [*Id.* at ¶¶ 14-15]

Plaintiff is the owner of U.S. Patent No. 9,037,402 (the "'402 Patent"). [*Id.* at ¶ 12] The '402 Patent is directed to a method of programming custom wayfinding instructions that are displayed on digital signage. [*Id.* at ¶ 13] Claim 1 of the '402 Patent includes nine steps allowing a central programmer ("system manager") to provide directions to an end user using "customized instructional phrases." [#59-1, p. 20]

Defendant "markets and sells software equivalent to Content Manager and Content Player." [#59, ¶ 37] Plaintiff and Defendant compete for the same customers and Defendant has purportedly offered discounts to Plaintiff's customers. [*Id.* at ¶¶ 18, 20, 22] According to the Amended Complaint, one of Plaintiff's longtime partners informed Plaintiff that Defendant's "content management and wayfinding software looked remarkably similar to [Plaintiff's] competitive platform and that [Defendant's] program had nuances in its user interface that the partner thought were unique to [Plaintiff]." [*Id.* at ¶ 25] Additionally, one of Plaintiff's customers allegedly saw Plaintiff's software on Defendant's desktop. [*Id.* at ¶ 26]

The Amended Complaint brings claims for Infringement of the '402 Patent (Count One), Copyright Infringement (Count Two), Unjust Enrichment (Count Three), Common Law Unfair Competition (Count Four), and False Patent Marking (Count Five). Defendant has moved to dismiss the Amended Complaint in its entirety. [#60]

Specifically, Defendant argues: (1) that the '402 Patent is not patentable, (2) that Plaintiff has failed to plead facts establishing Counts One, Two or Five, (3) that the unjust enrichment and unfair competition claims are preempted by federal copyright law, and (4) lack of personal jurisdiction. [*Id.*] In the instant Motion, Defendant asks the Court to stay this matter pending resolution of the Motion to Dismiss.

## II.     Analysis

While this Court has discretion to stay proceedings while a dispositive motion is pending, the stay of proceedings is generally disfavored in this district. *See, e.g.*, *Breckenridge v. Vargo & Janson, P.C.*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016) ("The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. . . .Generally, it is the policy in this District not to stay discovery pending a ruling on motions to dismiss."); *Profitstreams LLC v. Ameranth, Inc.*, No. 11-cv-01710-RBJ-KLM, 2011 WL 5024912, at *1 (D. Colo. Oct. 21, 2011) ("Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending."). The hesitancy of courts in this district to grant stays of proceedings is particularly acute in patent cases. As one court aptly noted: "Despite the well-known adage that patent infringement cases are frequently complex, expensive, and time-consuming, courts in this district have been reluctant to impose stays in such cases." *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. 11-cv-01389-WJM-KLM, 2011 WL 5024839, at *3 (D. Colo. Oct. 20, 2011); *see also SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2011 WL 4018207, at *3 (D. Colo. Sept. 8, 2011) ("Environmental cases, patent infringement cases, and collective actions under

the Fair Labor Standards Act come immediately to mind as complex cases that may involve substantial discovery but which ordinarily are not stayed pending the determination of preliminary motions.").

When considering whether to grant a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *Profitstreams LLC*, 2011 WL 5024912, at *1. Considering these factors, the Court concludes that a stay is not warranted.

First, Plaintiff has an interest in proceeding expeditiously. The Motion to Dismiss has been referred to this Court. The issues raised therein are complex and will take some time to fully analyze. Moreover, this Court can only make a recommendation on the Motion to Dismiss. If any party files an objection, the district court will need to review that objection *de novo*. *See* 28 U.S.C. § 636(b)(1). Given that a final determination of the Motion to Dismiss could take several months, the Court finds the first factor weighs against granting a stay. *See Breckenridge*, 2016 WL 7015702, at *2 (finding first factor weighed against staying the matter; "a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more"); *SOLIDFX, LLC*, 2011 WL 4018207, at *3 (finding stay unwarranted because, at the time, "[i]n this district, the average time from the filing to determination of dispositive

motions exceeds six months"); *City of Aurora v. PS Sys., Inc.*, No. 07-cv-02371-WYD-BNB, 2008 WL 149998, at *1 (D. Colo. Jan. 14, 2008) (finding that average time of 7.5 months from filing of dispositive motion to ruling on such motion counseled against granting a stay in patent case).

Second, while proceeding with discovery will cause some burden to Defendant, Defendant has not pointed to any unique aspects of this case that make discovery especially burdensome. Defendant asserts that it is a small company and participating in discovery will require it to devote significant personnel resources away from its day-to-day operations. [#62, p. 6] But, such is the case any time a relatively small company is sued. Indeed, every time a company or individual is sued, disruptions will occur. *See Breckenridge*, 2016 WL 7015702, at *2 ("defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs"). The fact that Defendant is a relatively small company does not make this case unique.

Third, the Court's interest in controlling its docket outweighs any concern over use of judicial resources. As indicated above, the policy in this district, especially in patent cases, is to allow discovery to proceed. Defendant argues that discovery disputes may arise that would require the Court's resolution. [#62 at 7] But this is true in any case. Nothing in this case presents unique challenges that would monopolize the Court's time. As a result, the potential that some judicial resources will need to be spent to resolve discovery disputes does not outweigh the Court's interest in controlling its docket and ensuring the fair and speedy administration of justice. *See Breckenridge*, 2016 WL 7015702, at *2. Thus, this factor too supports a denial of the stay.

Fourth, the interests of third parties will not be significantly affected by allowing discovery. As both parties acknowledge, there may be some third-party customers or witnesses who would need to be identified. [#62 at 8-9; #75 at 7] This does not mean, however, that these third-parties will be unduly burdened by allowing discovery to proceed. To the extent unduly burdensome discovery requests are sent to any of these third-parties, the Court can manage the burden through its discovery dispute process.

Finally, the public interest supports denying the stay. The public has an interest in the speedy resolution of legal disputes. *See, e.g., Genetic Techs. Ltd.*, 2011 WL 5024839, at *8; *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009). Thus, the fifth factor weighs against granting a stay.

Considering the factors set forth above, the Court determines that a stay of discovery and litigation pending a determination of the Motion to Dismiss is not warranted. Accordingly, it is **ORDERED** that the Motion to Stay [#62] is **DENIED**.

DATED: January 11, 2017                    BY THE COURT:

                                           s/Scott T. Varholak
                                           United States Magistrate Judge