IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00704-MSK-STV

Four Winds Interactive L.L.C., a Colorado limited liability company,

    Plaintiff,

v.

22 Miles, Inc., a California corporation,

    Defendant.

---

**PLAINTIFF FOUR WINDS INTERACTIVE L.L.C.'S OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DOC. NO. 94]**

---

Plaintiff Four Winds Interactive L.L.C. ("FWI"), through undersigned counsel, and pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), hereby objects to United States Magistrate Judge Varholak's March 28, 2017 Recommendation [Doc. No. 94] (the "Recommendation") granting in part and denying in part Defendant 22 Miles, Inc.'s ("22 Miles") Motion to Dismiss Amended Complaint [Doc. No. 60].

**I.     INTRODUCTION**

FWI respectfully requests the Court reject the Recommendation with respect to FWI's Count One of direct and indirect patent infringement of the U.S. Patent No. 9,037,402 ("the '402 Patent") and deny 22 Miles' Motion to Dismiss to the extent it seeks dismissal of Count One based on patent ineligibility under 35 U.S.C. § 101. (Amended Complaint [Doc. No. 59], pp. 24-28; *see* Motion to Dismiss [Doc. No. 60].)

*Alice Corp. Pty v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) sets forth the two-step test to determine whether claims of a patent contain patent-eligible subject matter under 35 U.S.C. § 101. Step one determines whether the claims of an asserted patent are an "abstract idea" and if so, the court must then proceed to step two to determine if the claims have an "inventive concept", or some element or combination of elements sufficient to ensure that the claim in practice amounts to "significantly more" than a patent on an ineligible concept. *Alice*, 134 S. Ct. at 2355. In short, if either step is satisfied, then the claims are patent-eligible subject matter under § 101.

Here, Claim 1 of the '402 Patent should be eligible under *Alice* and the related 35 U.S.C. § 101 jurisprudence for it is not directed to an abstract idea and even if so, the Claim contains an inventive concept. Claim 1 is directed towards addressing an issue in prior art wayfinding methods in providing customized directions to an end user instead of generic preprogrammed compass-based type instructions. The use of customized instructions in navigation is not an abstract idea that implicates Step 1's concern of preemption (versus novelty). Moreover, even if Claim 1 was directed to an abstract idea, the Claim elements taken as a whole and in combination are sufficiently inventive because the method of Claim 1 leverages the scalability of computer technology to provide customized directions simultaneously across multiple locations to multiple users.

## II.    STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within 14 days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "The district

judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *U.S. v. One Parcel of Real Prop. Known as: 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

## III.     SPECIFIC OBJECTIONS TO THE RECOMMENDATION

### A.     The Recommendation Misapplies the *Alice* Test

#### 1. Abstract Idea

The Recommendation's finding that Claim 1 of the '402 Patent is an abstract idea under Step 1 of *Alice* conflates novelty with statutory eligibility under § 101. Indeed, preemption over an entire field, of "the basic tools of scientific and technological work" is the primary concern driving Step 1 of the *Alice* test. *Alice*, 134 S. Ct. at 2354 (internal quotation omitted); *see also McRO, Inc. v. Bandai Namco Games America, Inc.*, 2016 WL 4896481, at *8 (Fed. Cir. Sept. 13, 2016); *Diamond v. Diehr,* 450 U.S. 175, 190 (1981) ("The question…of whether a particular invention is novel is wholly apart from whether the invention falls into a category of statutory subject matter"). Furthermore, the Federal Circuit cautioned in *McRO* that courts "'must be careful to avoid oversimplifying the claims' by looking at them generally and failing to account for the specific requirements of the claims". 2016 WL 4896481, at *7 (internal citation omitted). Here, Claim 1 of the '402 Patent addresses an issue not addressed in the prior art – providing navigational instructions to end users using customized instructions. These customized instructions are environmental or landmark based "breadcrumbs" that can provide more intuitive and

3

detailed directions that are not available under standard wayfinding methods or not available in environments where street names may not exist or easily known. (*See* Response to Motion to Dismiss [Restricted Doc. No. 67], pp. 5-6.) In effect, Claim 1 allows entry and consistent deployment of customized instructions across an environment, depending on the user's location. (*Id.*) This issue may have been addressed in ad hoc manner with humans using pen and paper, but Claim 1 does not preempt every wayfinding method whether provided electronically or through humans. (Recommendation, p. 17); *see also Trading Techs.*, 2015 U.S. Dist. LEXIS 22039, at *9-13 (N.D. Ill. Feb. 24, 2015) (finding the use of a graphical user interface to assist with electronic trades patent-eligible under §101). Thus, Claim 1 of the '402 is not directed to an "abstract idea".

### 2. Inventive Step

Similarly, the Recommendation's finding that Claim 1 has no "inventive step" under Step 2 of *Alice* does not consider the elements of Claim 1 as an ordered combination. *See Alice,* 134 S. Ct. at 2355 (consider claim elements "both individually and 'as an ordered combination'" in second step). Rather, the Recommendation concludes that Claim 1 relies upon basic computer functionality to a specific data source of customized instructions and thus, there is no improvement or problem solved that is rooted in computer technology. (Recommendation, pp. 20-21.) However, the problem solved in Claim 1 of the '402 Patent is of the scalability of customized route instructions that results from the combination of computer technology and customized instructions. In other words, customized route instructions can be deployed from any location in an

4

environment to many users simultaneously, as compared to generating generic preprogrammed instructions as done in the prior art. (*See* Response [Restricted Doc. No. 67], pp. 12-14.) The linking of customized instructional phrases with a particular path segment is the inventive step that allows route instructions to end users to be tailored, consistent, and efficiently deployed. *See also Trading Techs.*, 2015 U.S. Dist. at *13-16 (finding that a common static price axis displayed on a graphical user interface ("GUI") an "inventive concept" and eliminated problems of prior GUIs relating to speed, accuracy, and usability and that the claims were rooted in computer technology to overcome a problem specifically arising in the realm of computers) (citing *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014)). The Recommendation overlooks that this is not a merely routine or conventional use of computers. *See DDR Holdings*, 773 F.3d at 1259.

### B. The Recommendation Made Findings of Fact Subject to a Clear and Convincing Standard

The Recommendation made findings of fact in its § 101 analysis that are subject to a clear and convincing standard. (*See* Recommendation, p. 13 n. 8.) Under 35 U.S.C. § 282, issued patents are entitled to a presumption of validity and a party seeking to overcome that presumption must do so by clear and convincing evidence. *See Microsoft Corp v. i4i Ltd. P'ship*, 564 U.S. 91, 114 (2011) (Breyer, J. concurring) (factfinder must use the 'clear and convincing' standard where there are questions of fact); *Nystrom v. Trex Co.*, 424 F.3d 1136, 1149 (Fed. Cir. 2005). The Federal Circuit in *Alice* then applied this presumption of validity to all challenges to patentability, including under § 101. *CLS Bank Int'l v. Alice Corp. Pty.*, 717 F.3d 1269, 1304-05 (Fed. Cir. 2013) *aff'd,* 134 S. Ct.

5

2347, 189 L. Ed. 2d 296 (2014) ("[A]ny attack on an issued patent based on a challenge to the eligibility of the subject matter must be proven by clear and convincing evidence.").

In this case, the Recommendation made the following finding of fact, highlighted below:

> FWI contends that the '402 Patent includes the "inventive concept" of allowing the computer to utilize "a table containing human-created custom instructional phrases that are associated with specific path segments on a map" rather than "generating directions from a set of generic preprogrammed instructions." [#67 at 14] In both instances, however, the computer is providing directions based upon "preprogrammed instructions." ***It is only the content of those instructions, which in both instances is determined by the human programmer, that differs.*** As discussed above, the use of customized directions by humans is "well-understood, routine, conventional activity."

(emphasis added) (Recommendation, p. 20.) The Recommendation also finds that: 1) that the invention of Claim 1 is "software…[that] merely invokes the processor with attached database 'as a tool' to accomplish the process of providing customized directions – a process that 'could be performed via pen and paper or in a person's mind'"; and 2) "FWI's software…utilizes pre-existing computer processor and database technology" and that "[t]hese capabilities all embody 'routine data-gathering steps' and 'conventional computer activities'". (*Id.*, pp. 17-18.) These statements all incorporate factual findings as to the differences in functionality between software and computers generating generic preprogrammed instructions and the functionality claimed in Claim 1.[1]

---

[1] As explained in Section A.2 above, FWI contends that associating, or linking, human-created custom instructions with specific path segments is not conventional, routine data-gathering, or easily performed via pen and paper. (*See* Recommendation, pp. 17-18 n. 11 (citing *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016))). *McRO* found that claims that automate tasks humans are capable of performing are patent eligible under step 1, the "abstract idea" prong, of *Alice*, as long as the "claims in these patents focus on a specific means or method that improves the relevant technology" versus "[claims] directed to a result or effect that itself is the abstract idea

Accordingly, on this basis, the Recommendation with respect to the § 101 analysis should be rejected in favor of a ruling that applies the clear and convincing standard. *See Brain Synergy Inst., LLC v. UltraThera Techs., Inc.*, No. 13-cv-01471-CMA-NYW, 2016 U.S. Dist. LEXIS 41237 at *8 (Mar. 29, 2016) (adopting Jan. 28, 2016 Recommendation, 2016 U.S. Dist. LEXIS 41240 at *17 and applying clear and convincing standard); *Trading Techs. Int'l v. CQG, Inc.*, No. 05-cv-4811, 2015 U.S. Dist. LEXIS 22039, at *7-8 (N.D. Ill. Feb. 24, 2015) *aff'd*, No. 2016-1616, 2017 U.S. App. LEXIS 834 (Fed. Cir. Jan. 18, 2017) (non-precedential opinion) (applying clear and convincing standard).

## IV.     CONCLUSION

For the foregoing reasons, FWI respectfully requests that the Court reject the Recommendation to grant 22 Miles' Motion to Dismiss to the extent it seeks dismissal of Count One for infringement of the '402 Patent, and instead find Claim 1 of the '402 Patent is directed towards patent-eligible subject matter under 35 U.S.C. § 101.

---

and merely invoke generic processes and machinery". *Id.* at *8 (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016)). To the contrary, the subjective element of the human process – the customization of directions – is automated through the method of Claim 1 because after entry of the custom instructions, the system and method practicing Claim 1 will automatically generate customized instructions that are consistent for every user and scalable, i.e. for every user across multiple environments.

                                                      Respectfully submitted,

DATED: April 11, 2017        By:    s/ John R. Posthumus
                                                        John R. Posthumus
                                                              jposthumus@sheridanross.com
                                                          Patricia Y. Ho
                                                              pho@sheridanross.com
                                                          SHERIDAN ROSS P.C.
                                                          1560 Broadway, Suite 1200
                                                          Denver, Colorado 80202-5141
                                                          Telephone: (303) 863-9700
                                                          Facsimile: (303) 863-0223
                                                          Email: litigation@sheridanross.com

                                                          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this April 11, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Monica Elkhatib
Monica Elkhatib
Assistant to Patricia Y. Ho
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  303-863-9700
Facsimile:  303-863-0223
Email:  melkhatib@sheridanross.com
litigation@sheridanross.com
