IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-cv-00704-MSK-KLM

FOUR WINDS INTERACTIVE LLC,
a Colorado limited liability company,

       Plaintiff,

v.

22 MILES, INC.,
a California corporation,

       Defendant.

---

**DEFENDANT'S 22 MILES, INC.'S MOTION TO STRIKE PLAINTIFF'S
NOTICE OF VOLUNTARY DISMISSAL AND DISMISS WITH PREJUDICE**

---

## I.      INTRODUCTION.

Plaintiff's Notice of Voluntary Dismissal is not permitted under Federal Rule of Civil Procedure 41(a)(1).[1]   Rule 41(a)(1)(A)(i) does not allow for voluntary dismissal after the service of a motion for summary judgment.   Here, Defendant served two motions that were in effect summary judgment motions.   In particular, Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's patent infringement claim as lacking patentable subject matter under 35 U.S.C. § 101 was transformed into a motion for summary judgment based on the submission and consideration of evidence outside the pleadings, and the Parties' Joint Motion for Determination is in effect a motion for partial summary judgment seeking certain claim constructions as a matter of law.   Therefore, under the circumstances of this case, Plaintiff's Notice of Voluntary Dismissal is ineffective, and the Court should strike it.

Furthermore, the rights provided by Rule 41(a)(1) are "[s]ubject to… any applicable federal statute." Fed.R.Civ.P. 41(a)(1)(A), and Plaintiff's ability to voluntarily dismiss is therefore subject to Section 636(b)(1) of the Federal Magistrate Act.   Section 636(b)(1) requires, "[n]otwithstanding any provision of law to the contrary," that "the court *shall* make a de novo determination of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis

---

[1] Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Defendant certifies that it made a good faith effort to confer with opposing counsel to resolve disputed matter.  Specifically, on May 30, 2017, counsel for Defendant contacted counsel for Plaintiff stating that Plaintiff was not permitted to voluntarily dismiss and that it would be filing a motion that the dismissal be with prejudice.  Counsel for Plaintiff disagreed and stated that Plaintiff would oppose such motion.

added).  This statute applies here and requires the Court to make determinations on Defendant's pending Motion to Dismiss, as a recommendation issued and objections were filed.  For these additional reasons, and as more fully set forth below, the Court should strike Plaintiff's Notice of Voluntary Dismissal as ineffective.

Lastly, after striking Plaintiff's Notice, the Court should enter an involuntary dismissal against Plaintiff under Rule 41(b), which "operates as an adjudication on the merits."  Rule 41(b) allows for dismissal when a plaintiff's failure to prosecute his claims, comply with the Federal Rules, or follow a court order.  Plaintiff has done all three in this case. Therefore, the Court should put Plaintiff's claims to rest with finality and dismiss the entire case with prejudice.

## II.     ARGUMENT

### A.     Defendant Served Two Motions Which Were in Effect Summary Judgment Motions, Precluding Plaintiff's Reliance on Rule 41(a)(1)(A)(i).

Plaintiff cannot rely on Rule 41(a)(1)(A)(i) because Defendant filed two motions that were in effect summary judgment motions.  The rule only allows Plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A).  Here, Defendant filed a Rule 12(b)(6) motion to dismiss that is properly construed as a summary judgment motion because Plaintiff presented material outside the pleading in opposition, and the Court did not exclude it.  In addition, the Parties filed a Joint Motion for Determination seeking the Court to construe the patent claims as a matter of law.  Both of these motions are effective summary

judgment motions precluding Plaintiff from voluntarily dismissing without court order.  For at least these reasons, the Court should strike Plaintiff' Notice of Voluntary Dismissal.

The Federal Rules make clear that where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Fed. R. Civ. P. 12(b).  Furthermore, "[a] party who submits material beyond the pleadings in opposition to a motion to dismiss cannot complain of undue surprise if the district court treats the motion as a summary judgment motion."  *Hall v. U.S. Dept. of Labor*, 198 F.3d 257, at *2 (10th Cir. 1999) (citing *Arnold v. Air Midwest Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996)); *Wheeler v. Main Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) ("[W]hen a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the part[y] puts [him] on notice that the judge may treat the motion as a Rule 56 motion.").

Here, Plaintiff converted Defendant's Motion to Dismiss the patent infringement claim for lack of patentable subject matter into a motion for summary judgment by citing matters outside the pleadings in the form of statements by its CEO, the parties' claim construction briefing, and disputable statements contained in the patent's file history.  Specifically, at the January 6 hearing on the Defendant's Motion, Plaintiff responded to questions by the Court about the patent's validity under 35 U.S.C. § 101 by injecting the following factual assertions into the record:

> Mr. Posthumous: I was talking with my client, and, you know, David Levin of--
> the president and CEO, he's also, you know, very responsible for the-- the
> technology.· I think the idea here is that … that you have one kind of system that's
> able to kind of dynamically adjust to wherever the person is… What you have is

> one program and the ability to scale that program to the 20 kiosks so that it-- it's very dynamic in terms of allowing--no matter where you are, allowing relevant and—and customizable information to be provided to the person who's using that screen to access that screen to obtain customizable directional information.

(Declaration of Ryan W. Koppelman ("Koppelman Decl."), Ex. 1 at 42-43).  The factual assertions by Plaintiff's CEO that the invention can "dynamically adjust" and "scale that program to 20 kiosks" are found nowhere in the pleadings or the patent itself.  (D.I. 59 (Amended Complaint); D.I. 59-1 (asserted patent)).  Indeed, the asserted patent does not use any form of the words "dynamic," "adjust," "scale," or "kiosk." (D.I. 59-1).  These are factual assertions that Plaintiff injected into record from outside the pleadings, and the Court notably did not exclude these matters outside the pleadings.  To the contrary, the Court indicated that it: "carefully considered the Motion and related briefing, oral argument held on January 6, 2017, the entire case file and the applicable case law." (D.I. 94 at 1).  Plaintiff's assertions of extrinsic matters fail to demonstrate that the patent is valid as a matter of law under Section 101 for the reasons stated in the Magistrate's Recommendation (D.I. 94 at 13-21) and Defendant's Response to Plaintiff's Objections (D.I. 103) but, the Court's consideration of these matters in resolving Defendant's Motion converted it into a motion for summary judgment.  Fed. R. Civ. P. 12(b); *Hall*, 198 F.3d at *2; *Wheeler*, 825 F.2d at 260; *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1293 (Fed. Cir. Nov. 1, 2016) ("We review the district court's determination of patent eligibility under § 101 without deference, as a question of law"); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1312 (Fed. Cir. 2016) ("Patent eligibility under § 101 is an issue of law which we review *de novo*.").

Plaintiff doubled down on its strategy of relying on matters outside the pleadings to argue

that its patent is valid following the hearing, arguing in a supplemental brief:

> [the] inventive concept is a method of programming customized instructions relating to landmarks and other environmental aspects in a location that provides 1) consistency for every user; and 2) scalability. In other words, the customized instructions are consistent across every user and can be deployed to several locations within an environment and across several environments.

(D.I. 82 at 5).  Again, neither the patent nor the pleadings use any form of the words "consistency," or "consistent," let alone "scale," or "scalability."  (D.I. 59; 59-1).  Plaintiff also quoted the Parties' claim construction filings in this case and in that made the factual assertion Plaintiff's specific interpretation of "customized" covers a system that "improves the process over existing wayfinding system instructions and manual methods."  (D.I. 82 at 4).  Again, the pleadings do not set forth these factual assertions.  Indeed, the claim construction document cited by Plaintiff did not exist until well after Plaintiff filed its Amended Complaint.  The Magistrate then considered and rejected these arguments and assertions in issuing his recommendation. (D.I. 94 at n.8 ("the Court's analysis of the patent eligibility of Claim 1 does not rely upon any of the disputed language identified in FWI's supplemental submission").  Plaintiff continued to maintain these arguments and factual assertions in objecting to the Recommendation (D.I. 97), but, as Defendant demonstrated in its response to those objections, those assertions do not render the patent valid (D.I. 103).

Finally, Plaintiff opposed Defendant's Motion by attaching portions of the asserted patent's prosecution history as an exhibit and injecting disputed factual assertions from that document into the record.  In particular, Plaintiff cited the patent's prosecution history to make the factual assertions that:

> Specifically, the "system manager" need not manually enter instructions for every possible route all possible locations to all other possible locations. Rather, Claim 1 of the '402 Patent allows a programmer to enter custom phrases associated with a landmark in a specific environment, and the computer system can maintain the relationships between the phrases, locations, path segments, and directions of travel. There is no need for instructions for every single possible route from all possible locations to all other possible locations.

(D.I. 67 at 8) (internal citations omitted).  Notably the portion of the prosecution history cited is Plaintiff's own arguments to the USPTO, which itself contained no citation or underlying support.  (D.I. 68-2 at 43-54).  Thus, Plaintiff in effect injected its own testimony into the record by citing as fact its unsupported statements previously given to the USPTO.  While it is true as Plaintiff argued in its opposition brief that courts may take judicial notice of public records (D.I. 67), public records are not judicially noticeable for all purposes.   Judicial notice applies to indisputable facts that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Here, Plaintiff cited a public record as evidence of the truth of Plaintiff's own statements, statements that are factually disputable and therefore not properly within the scope of judicial notice.  *See, e.g.*, *ContourMed Inc. v. American Breast Care L.P.*, No. H-15-2769, 2016 WL 1059531, at *2 (S.D. Tex. Mar. 17, 2016) (finding "judicial notice of prosecution history and prior art, while publicly available, is not appropriate because the facts asserted in those documents could be disputed by plaintiff, if given the opportunity"); *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (holding 911 transcripts and police incident reports were not public records subject to judicial notice).  Thus, these statements from the prosecution history are extrinsic factual assertions injected by Plaintiff into the record.  Again, the Court did not exclude these matters; rather, it

"carefully considered the … related briefing, oral argument held on January 6, 2017, the entire case file and the applicable case law." (D.I. 94 at 1; *see also* at 16 (citing page 11 of Plaintiff's Opposition (D.I. 67) which relies on these prosecution history statements)). Thus, "matters outside the pleading [were] presented [by Plaintiff] and not excluded by the court," therefore the motion is in effect a motion for summary judgment on Plaintiff's patent infringement claim. Fed. R. Civ. P. 12(b); *Hall*, 198 F.3d at *2; *Wheeler*, 825 F.2d at 260. And, because a notice of dismissal under Rule 41(a)(1)(A)(i) must filed "before the opposing party serves … a motion for summary judgment," Plaintiff's Notice is ineffective and should be struck.

In addition, the Court should also strike Plaintiff's Notice because the Parties filed a Joint Motion for Determination seeking the Court to construe terms within the asserted patent claim as a matter of law, which was in effect a motion for partial summary judgment. *U.S. v. One Tract of Real Property Together With all Bldgs., Improvements, Appurtenances and Fixtures*, 95 F.3d 422, n.5 (6th Cir. 1996) (stating that a motion seeking dismissal pursuant to Rule 41(a) "had to be pursuant to Rule 41(a)(2) because claimant had filed a motion for partial summary judgment"). Rule 56(a) states: "A party may move for summary judgment, identifying each claim or defense — or *the part of each claim or defense* — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Under Rule 56, the court shall grant summary judgment "if the movant shows that there is no genuine dispute *as to any material fact and the movant is entitled to judgment as a matter of law*." Fed. R. Civ. P. 56(a) (emphasis added). Claim construction is in effect a partial summary judgment, resolving the legal issue of the scope of patent claims. The Parties' Joint Motion for Determination requests that the Court decide this issue of law, and is

effect a motion for summary judgment.

The Tenth Circuit has held that where "justiciable issues for determination" are tendered, the plaintiff "could dismiss only upon order of the court, and upon such terms and conditions as the court deemed proper." *Butler v. Denton*, 150 F.2d 687, 689-90 (10th Cir. 1945)*; Anderson v. Merit Energy Corp*, 2008 WL 2095533, at *1 (D. Colo. May 16, 2008) (granting motion to vacate notice of voluntary dismissal and holding Rule 41(a)(1)(A)(i) did not apply because answer to inoperative complaint "nonetheless tendered justiciable issues for determination regarding claims"). It has further been recognized that the purpose of Rule 41(a) "is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings *before issue is joined*." *Harvey Aluminum, Inc. v. American Cyanamind Co.*, 203 F.2d 105, 107-08 (2d Cir. 1953) (holding that extensive proceedings on a motion for preliminary injunction that "squarely raised" the merits of the controversy prevented application of voluntary dismissal under Rule 41(a)(1)). Under the law of the Tenth Circuit, the Joint Motion for Determination filed in this case "tendered justiciable issues for determination regarding claims." *Butler*, 150 F.2d at 689-90; *Anderson*, 2008 WL 2095533, at *1. Pursuant to the local patent rules, Defendant joined issue on claim construction for determination, and this squarely raised the merits of this case. As a result, for this yet additional reason, Plaintiff's Notice is ineffective and should be struck.

### B.   The Court's Mandatory Review Under the Federal Magistrate Act Precludes Voluntary Dismissal Under Rule 41(a)(1)(A).

Plaintiff's right to voluntarily dismiss under the Federal Rules is subject to the controlling statutory prescriptions of the Federal Magistrate Act which require the Court to rule on the objected to portions of the Recommendation on Defendant's Motion to Dismiss. These statutory

requirements supersede Plaintiff's right to voluntarily dismiss without court order under Rule 41(a)(1), as evident from the plain language of both Rule 41 and Section 636(b)(1).  That Section 636(b)(1) limits Rule 41(a)(1) is further confirmed by rules of statutory construction, the statute's underlying policies, and by its later enactment date.  Therefore, Plaintiff's Notice of Voluntary Dismissal is ineffective, and the Court should strike it.

Voluntary dismissal under Rule 41(a)(1)(A)(i) is not unlimited.  The right is "[s]ubject to… any applicable federal statute." Fed.R.Civ.P. 41(a)(1)(A); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d. Cir. 2015) (holding the Fair Labor Standards Act, which requires Department of Labor or court approval of settlements, is an "applicable federal statute" for the purposes of Rule 41(a)); *Aldrich v. United States*, 2015 WL 4448118, at *1 (D. Mass. Jul. 17, 2015) (collecting cases and holding that 28 U.S.C. 1915 is an applicable statute limiting the right to voluntarily dismiss under Rule 41(a)).  The "subject to" language in Rule 41(a) indicates that when other procedures are required by statute, the statute controls and the other procedures must be followed.  One such statute, the Federal Magistrate Act, requires "[n]otwithstanding any provision of law to the contrary," "the court *shall* make a de novo determination of those portions of the [Magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added).  The "notwithstanding" language of the statute indicates that the requirements of Section 636(b)(1) controls over "any provision of law to the contrary." *See id.*; *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) ("Absent a clearly expressed legislative intention to the contrary, [the language of a statute] must ordinarily be regarded as conclusive.").

In addition, the use of "shall" further indicates the review procedures prescribed by statute are mandatory and not avoidable by the Plaintiff through Rule 41(a)(1)(A)(i).  *See, e.g.*, *Board of Pardons v. Allen*, 482 U.S. 369, 378 (1987) (describing "shall" as used in a state statute as "mandatory language"); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) (stating "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory" than the statute's use of "shall foreit" and "shall order").  Therefore, under the plain language of the rule and the statute, Plaintiff's right to voluntarily dismiss is subject to the mandatory statutory requirement.  *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal citations and quotation marks omitted)).

The Federal Magistrate Act is an "applicable statute" here under Rule 41(a)(1)(A) because Section 636(b)(1) was triggered by the Magistrate issuing its recommendation on March 28, 2017, recommending dismissal of four of Plaintiff's five asserted claims, and by the Parties subsequently filing objections and responses thereto.  (D.I. 93, 94, 96, 97, 103, 112).  "De novo review *is required* when a party files timely written objections to the magistrate judge's recommendation" *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995)) (citing *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F. 3d 722, 724 (10th Cir. 1993)); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In *Large v. Beckham Cty. Dist. Ct.*, 2014 WL 68081 (W.D. Okla. Jan. 8, 2014), the magistrate recommended the claims be dismissed with prejudice, after which the Plaintiff sought to voluntarily dismiss under Rule 41(a)(1).  The district court found that "to

allow plaintiff to *now* voluntarily dismiss this case after the magistrate judge has expended

considerable time and effort on this case would not be appropriate." *Id.* at *1. The Tenth Circuit

affirmed and denied the sole ground of appeal that a Fed. R. Civ. P. 41(a)(1) voluntary dismissal

cannot be denied by the Court. *Large v. Beckham County Dist. Court.*, 558 Fed.Appx. 827 (10th

Cir. 2014).[2] In an analogous context, the mandatory language of 28 U.S.C. § 1915—providing

that the court "shall identify cognizable claims or dismiss the complaint"—has been found to be

an "applicable federal statute" limiting Rule 41(a). *Aldrich*, 2015 WL 4448118, at *1. The

result should be no different here. Because the recommendation issued and objections were

filed, the review authority provided in Section 636(b)(1) controls and precludes Plaintiff from

voluntarily dismissing pending the mandatory District Court review.

The policies underlying Section 636(b)(1) also support the conclusion that it limits the

rights provided by Rule 41(a)(1)(A). Section 636(b)(1) was enacted with the goals of improved

access and efficiency. *See, e.g.*, *U.S. v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981) (finding the

congressional policy underlying the Magistrate's Act is "to improve access to the federal courts

and aid the efficient administration of justice"). Allowing plaintiffs to escape review of adverse

dispositive recommendations by voluntarily dismissing under Rule 41(a)(1)(A) would in contrast

create inefficiencies, allowing plaintiffs to start over and bring the exact same claim in hopes of

receiving a different result on the same record from a different judge. Thus, if Section 636(b)(1)

did not limit the right to voluntarily dismiss, a plaintiff could have two bites at a meritless

---

[2] "Unpublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A). A copy of the unpublished opinion is attached hereto as Exhibit 2 per local rule.

apple—an inefficient result that the Tenth Circuit has admonished by recognizing that "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Philips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (affirming denial of plaintiff's motion to dismiss without prejudice under Rule 41(a)(2) where motion for summary judgment was pending); *cf. Santana v. City of Tulsa*, 359 F.3d 1241, n.3 (10th Cir. 2004) (finding voluntary dismissals generally do not operate as adjudications on the merits or have res judicata effect). The policies of the Magistrate Act and the Tenth Circuit therefore further support the conclusion that Section 636(b)(1) review limits the right to voluntarily dismiss.

Further, to advance the efficiency goals of Section 636(b)(1), the Tenth Circuit and other circuits have adopted waiver rules, precluding appellate review over factual or legal questions arising from a recommendation but not specifically objected to within the statutory time period. *See, e.g., U.S. v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996); *Thomas v. Arn*, 474 U.S. 140, 147-48, 106 S.Ct. 466, 471 (1985) (approving adoption of a waiver rule for issues not objected to in a magistrate's recommendation and recognizing that waiver rules advance the policies behind the Magistrate's Act by preventing the inefficient use of judicial resources that would arise in the absence of such a rule). As the Supreme Court recognized, "Congress apparently assumed [in passing the Act], therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review." *Thomas*, 747 U.S. at 152, n.11 (citing testimony before the Senate that filing objections

- 13 -

as provided "is *the procedure* for them to follow, if they feel aggrieved by any of these motions")
(emphasis added).  Likewise, the proper procedure for a plaintiff to respond to an adverse
recommendation is to file objections and, if necessary, to appeal—not to voluntarily dismiss and
hope for a better result before a different judge.  Section 636(b)(1) requires this approach,
mandating review "[n]otwithstanding" Rule 41(a)(1) or any other provision of law.

Lastly, because Section 636(b) was enacted after the relevant provisions of Rule 41(a),
the statute controls if the two cannot be reconciled.  The Tenth Circuit has held "a later-enacted
statute trumps an earlier-enacted rule of civil or appellate procedure with which it conflicts."
*Boling-Bey v. U.S. Parole Com'n*, 559 F.3d 1149, 1152 (10th Cir. 2009) (citing *Autoskill Inc. v.
Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir. 1993) (abrogated on other
grounds)); *see also Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v.
Custom Air Systems, Inc.*, 333 F.3d 345, 348 (2d Cir. 2003); *Callihan v. Schneider*, 178 F.3d
800, 802 (6th Cir. 1999); *Jackson v. Stinnett*, 102 F.3d 132, 135-36 (5th Cir. 1996).  Here,
Section 636(b)(1) was enacted after the relevant provisions of Rule 41(a)(1)(A), thus, Section
636(b)(1) controls if the two are found to conflict.

Rule 41(a)(1)(i) was first enacted in 1936.  The original text is largely the same as the
current version, reading "Subject to the provisions of Rule 23(c) and any statute of the United
States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of
dismissal at any time before service of the answer…."  (Koppelman Dec., Ex. 3).  Commentators
have recognized that while the rule has been subsequently amended, these amendments "have
been substantively insignificant," and "[i]t is doubtful if a single case would have been decided

differently if the rule stood as it did in 1938…." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2361, at 406-07 (3d ed. 2008). Indeed, the last substantive change to Rule 41(a)(1)(i) occurred in 1946, adding reference to motions for summary judgment. (Koppelman Dec., Ex. 4). In contrast, Section 636(b)(1) was first enacted in 1976, nearly 30 years later. *See* Pub.L. 94-577, § 1 (Oct. 21, 1976), 90 Stat. 2729. Section 636(b)(1) therefore plainly controls in the event of a conflict with Rule 41(a)(1)(i).

While subsequent versions of Rule 41 have been enacted since 1976, amendments that are "not substantive" should not be considered for the purposes of determining whether a rule or statute controls. *Autoskill*, 994 F.2d at 1487 (holding that 1978 statute controlled over a 1967 rule, notwithstanding non-substantive amendments to the rule after 1978); *Local Union No. 38*, 333 F.3d at n.2 (minor non-substantive revisions to a rule do not affect the analysis). The post-1976 amendments to Rule 41 have either not altered Rule 41(a)(1)(i) or have lacked substantive effect. *See* Fed. R. Civ. P. 41 advisory committee's notes to 1987 amendment ("The amendment is Technical. No substantive change is intended."), 1991 amendment (discussing changes to 41(b)), and 2007 amendment ("The language of Rule 41 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."). Further, the most recent amendment to Section 636(b)(1) occurred in 2009, after the last amendment to Rule 41. Pub.L. 111-16, § 6(1) (May 7, 2009), 123 Stat. 1608. Thus, to the extent Rule 636(b)(1) conflicts with Rule 41(a)(1)(A), it controls.

For all of these reasons, a plaintiff cannot dismiss under Rule 41(a)(1)(A) while review

under Section 636(b)(1) is pending.  Therefore, the Court should strike Plaintiff's Notice of
Voluntary Dismissal.

### C.      The Court Should Dismiss With Prejudice Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss an
action for a plaintiff's failure to prosecute his claims, comply with the Federal Rules, or follow a
court order.  Fed. R. Civ. P. 41(b); *AdvantEdge Business Group v. Thomas E. Mestmaker*, 552
F.3d 1233, 1236 (10th Cir. 2009).  Plaintiff has failed to do so here, and the Tenth Circuit has
outlined five factors that should be considered in weighing whether to dismiss an action with
prejudice under Rule 41(b): (i) the degree of actual prejudice to the defendant; (ii) the amount of
interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court
warned the party in advance that dismissal of the action would be a likely sanction for non-
compliance; and (v) the efficacy of lesser sanctions.  *Anderberg v. Sitewise Corp.*, No. 15-cv-
00501, 2016 WL 1090021, at *2 (D. Colo. Mar. 21, 2016) (citing *Freddie v. Marten Tranport,
Ltd.*, No. 10-2094, 2011 WL 2438655, at *2 (10th Cir. June 20, 2011)).  Here, Plaintiff's failure
to provide basic discovery—requiring repeated Court intervention—demonstrates that these
factors are satisfied, and the Court should dismiss with prejudice under Rule 41(b).

As to Factor No. 1, the degree of actual prejudice to the defendant, Plaintiff's consistent
noncooperation and failure to provide discovery is exactly the type of conduct the Court has
found prejudicial to defendants.  *See, e.g.*, *Anderberg*, 2016 WL 1090021, at *2 (failure to serve
verified responses to written discovery and to respond to efforts to schedule depositions weigh in
favor of dismissal); *Ramon v. City and County of Denver*, 2011 WL 222319, at *2 (D. Colo. Jan.

21, 2011) (findings that Plaintiff provided insufficient or incomplete responses to multiple interrogatories, failed to provide documents responsive to requests for production, and failure to make himself available for deposition favored dismissal); *Armstrong v. Swanson*, 2009 WL 1938793, at *4 (D. Colo. Jul. 2, 2009) (finding that plaintiff's failure to respond to communications and engage in discovery deprived "Defendants of a prompt opportunity to have the claims against them adjudicated" and weighed in favor of dismissal).

For over a year, Plaintiff failed to provide basic discovery into its claims. Then it attempted to voluntarily dismiss after the close of the initial fact discovery period and on the same date it was under Court-order to produce documents and interrogatory responses. (D.I. 128 (May 30 notice of voluntary dismissal); D.I. 120 ("Plaintiff has until May 30, 2017 to supplement Interrogatory Nos. 1 and 2 and to review the source code"); D.I. 124 (ordering Plaintiff to produce documents by May 30)). This conduct prejudiced Defendant and must weigh in favor of dismissal with prejudice.

While Defendant served requests for production in July 2016, Plaintiff failed to produce *any* documents in response for over seven months, conduct that forced Defendant to seek court intervention and that the Court described as "gamesmanship" and "not how federal court works." (Koppelman Dec., Ex. 5 at 7:11-9:8). The Court then ordered Plaintiff to produce all documents sought and a privilege log by March 31 (D.I. 93). The clear language of this order did not give Plaintiff the right to withhold documents based on further objections, yet Plaintiff nonetheless heavily redacted contents of the documents as "non-responsive"—again requiring Court intervention and resulting in a further order to produce. (D.I. 124). Despite requesting these

documents ten months ago and obtaining two Court orders requiring their production, Defendant never received unredacted copies, as Plaintiff filed its Notice of Voluntary Dismissal on May 30, the date by which the second ordered production was to be completed.  (D.I. 124, 128).

However, Plaintiff's discovery failures are not limited to failing to produce documents. Defendant served interrogatories last July seeking the factual basis for Plaintiff's copyright infringement claim, namely: (i) what aspects of Plaintiff's code, user interface, or other copyrighted works Defendant is alleged to have copied and (ii) how Plaintiff and Defendant's products are alleged to be substantially similar.  (Koppelman Decl., Ex. 6 at 5-6 (Rogs 1 and 2)). After Plaintiff failed to provide substantive answers, Defendant sought the Court's assistance. (Koppelman Decl., Ex. 7 at 2-3 (discussing Plaintiff's failures to answer Rogs 1 and 2).  At the discovery hearing, the Court ordered the Parties to meet and confer on the scope of a source code production and contemplated that these interrogatories be used to facilitate such meet and confer. (D.I. 93; Koppelman Decl., Ex. 5 at 35:7-15 (Court stating that Plaintiff should try to delineate which portions of code it believes to be infringed as part of the meet and confer on the scope of a source code review and that it should supplement responses to Rogs. 1 and 2).  Nonetheless, Plaintiff refused to supplement or commit to supplementing its interrogatory responses within the discovery period, forcing Defendant to seek and obtain a Court order.  (D.I. 120 ("Plaintiff has until May 30, 2017 to supplement Interrogatory Nos. 1 and 2….")).  Plaintiff did not provide the ordered responses, instead filing its Notice of Voluntary Dismissal, essentially refusing to further prosecute its case.  (D.I. 128).  Given that Plaintiff failed to substantively respond to these interrogatories, it appears it never had a factual basis to assert its copyright infringement claim.

Likewise, while the Scheduling Order required Plaintiff to file its Local Patent Rules infringement contentions in July 2016 (D.I. 42 at 11), Plaintiff's contentions did not provide the information required by the rules.  Defendant therefore again required Court assistance, and the Court again agreed with Defendant, finding the contentions did not show patent infringement and ordering supplementation.  (Koppelman Decl., Ex. 5 at 63:1-7 (Judge Varholak reviewing infringement contentions and asking plaintiff, "So where's the – where's the infringement on here?"); D.I. 93 at 2 ("Plaintiff shall supplement its infringement contentions within 30 days")). Notably, despite this pattern of discovery failures, Plaintiff never made a settlement offer and indicated that settlement discussions could not occur prior to May 30—the date Plaintiff filed its Notice of Voluntary Dismissal (D.I. 123 at 2 ("Settlement discussions are unlikely to occur until … May 30, 2017").  As such, the prejudice to Defendant should weigh in favor of dismissal with prejudice under Rule 41(b).

As to Factor No. 2, the amount of interference with the judicial process, Plaintiff's failure to comply with its discovery obligations and the Federal Rules interfered with the judicial process, requiring the Court to resolve numerous discovery disputes that should have been avoided.  *See, e.g.*, *Anderberg*, 2016 WL 1090021, at *3 (noncooperation in discovery resulting in multiple hearings interfered with the judicial process); *Armstrong*, 2009 WL 1938793, at *4 (finding that the "time spent by the Magistrate Judge resulting from the Plaintiff's neglect reflects time that could otherwise have been used to advance other cases," therefore the factor weighed in favor of dismissal).

Midway through the discovery period—after Plaintiff's disinterest in fulfilling its

discovery obligations became clear—Defendant proposed a stay of discovery pending resolution of its Motion to Dismiss in order to potentially simplify the issues in the case. (D.I. 62). Plaintiff refused (D.I. 75), but its failure to meet its own discovery obligations persisted, forcing Defendant to seek and obtain four separate orders compelling Plaintiff to provide discovery. (D.I. 93, 120, 124, 125). Meanwhile, Plaintiff failed to seek discovery to prove its case in line with the Scheduling Order set on June 14, 2016, resulting in Plaintiff admitting to the Court that Plaintiff was not diligent and seeking a three-month extension on discovery that the Court granted in part for limited purposes (D.I. 106, 106-1, 120). This factor should accordingly weigh in favor of dismissal with prejudice, as a plaintiff's failure to comply with discovery rules, orders, and schedules requiring repeated Court intervention interferes with the judicial process.

As to Factor No. 3, the culpability of the litigant, Plaintiff is culpable for its conduct. This district has found that the culpability factor weighs in favor of dismissal absent external factors. *See Anderberg*, 2016 WL 1090021, at *3 (finding factor weighed in favor of dismissal where plaintiff did not demonstrate an inability to comply or acceptable explanation for noncompliance); *Armstrong*, 2009 WL 1938793, at *4 (finding plaintiff culpable where nothing in the record showed the blame was due to external forces and finding "inadequate" an explanation that was only tendered when faced with the intent of dismissal for failure to prosecute); *Ramon*, 2011 WL 222319, at *3 (finding plaintiff culpable where he was dilatory in its efforts to advance the case and caused delays and violations of orders). Here, Plaintiff is culpable for the reasons outlined above, including that it: (i) admitted a lack of diligence in pursuing discovery (Koppelman Decl., Ex. 7 at 9 (stating that Plaintiff "takes full responsibility

for its lack of diligence")), (ii) was found to have engaged in gamesmanship and behavior inconsistent with the rules of federal court (Koppelman Decl., Ex. 5 at 7:11-9:8), and (iii) voluntarily decided to no longer prosecute its case to avoid complying with the Court's orders that it produce discovery responses and documents. (D.I. 128). This factor should weigh in favor of dismissal.

As to Factor No. 4, whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance, Plaintiff was accused of gamesmanship by the Court and informed that it could be subject to sanctions (Koppelman Decl., Ex. 5 at 9:2-8, 54:11-22, 57:11-17), even if it was not explicitly warned by the Court that its case could be dismissed for its discovery misconduct. However, this district has recognized that this factor may be satisfied by constructive notice. *See, e.g.*, *Anderberg*, 2016 WL 1090021, at *3 (finding that the Federal and Local Rules, as well as Defendant's Motions, constituted notice of potential dismissal); *Gross v. General Motors LLC*, 441 Fed.Appx. 562, 565 (10th Cir. 2011) (finding court's admonition that defendant would be justified in asking for a dismissal to be sufficient constructive notice); *Gomez*, 2010 WL 1644610, at *4 (finding defendant's warning that it would seek dismissal sufficient because "[t]here is nothing to indicate that a separate judicial warning would have been any more efficacious than the warnings given by defendant….").

Furthermore, the need for the Court to give Plaintiff an advanced warning of dismissal has been mooted by Plaintiff abandoning its case on its own through its ineffective notice of dismissal and refusing to continue to prosecute it. The only question should be whether it can do so without prejudice. However, if the Court weighs this factor more heavily, then the Court

could enter an order to show cause why the case should not be dismissed with prejudice under D.C.COLO.L.R. 41.1, which would give Plaintiff notice beyond its constructive warnings.

Finally, as to Factor No. 5, the efficacy of lesser sanctions, because Defendant was forced to litigate the entire discovery period without knowing the basis for the claims against it or receiving sought-after discovery—and without ever receiving a settlement offer—only for Plaintiff to attempt to voluntarily dismiss and potentially start the clock over, lesser sanctions will not be effective.  This case was nearing its end and not its early stages.  Defendant obtained a recommendation that four of the five asserted claims be dismissed, including that the asserted patent is invalid for lack of patentable subject matter.  (D.I. 94).  Claim construction briefing was completed and submitted for determination on February 17.  (D.I. 89).  The fact discovery period ended on May 1 (D.I. 42 at 13), and while it was extended for limited purposes, Plaintiff was required to fully state its copyright case through interrogatory responses on May 30 and as of that date was no longer permitted to review Defendant's source code (to which it had access for over five weeks) (D.I. 120).  The timing of Plaintiff's Notice of Voluntary Dismissal was not coincidental—it had no claim of infringement and therefore could not provide the Court-ordered discovery.

Plaintiff should not now receive the option of re-filing its claims in the future, having already received a full, 14-month opportunity to litigate them.  Dismissal with prejudice is the only appropriate result. *Anderberg*, 2016 WL 1090021, at *3; *Armstrong*, 2009 WL 1938793, at *5-6; *Ramon*, 2011 WL 222319, at *3 ("given Plaintiff's disregard for his case, the waste of judicial resources, and the time and expense Defendants have invested in defending this lawsuit,

the Court finds that dismissing the case, with prejudice, is appropriate"). Thus, each of the factors here weighs in favor of dismissal with prejudice.

## III.     CONCLUSION

For at least the foregoing reasons, the Court should strike Plaintiff's Notice of Voluntary Dismissal and dismiss the case with prejudice.

Respectfully submitted,

Dated:  June 15, 2017

By: _s/ Ryan Koppelman_____
Yitai Hu
Ryan Koppelman
Timothy Watson
ALSTON & BIRD LLP
1950 University Avenue, 5th Fl.
East Palo Alto, CA  94303
Tel: (650) 858-2000
Fax: (650) 838-2001
Email:  Yitai.hu@alston.com
Ryan.Koppelman@alston.com
Timothy.Watson@alston.com

*Attorneys for Defendant*
22 MILES, INC.

- 23 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 15, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 4.7.

*s/ Ryan W. Koppelman*
Ryan W. Koppelman