IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-00704-MSK-STV

**FOUR WINDS INTERACTIVE LLC,**

Plaintiff,

v.

**22 MILES, INC.,**

Defendant.
_____

**OPINION AND ORDER DENYING MOTION TO STRIKE NOTICE OF DISMISSAL**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's ("22 Miles") Motion to Strike **(# 132)** a Notice of Voluntary Dismissal **(# 128)** filed by the Plaintiff ("Four Winds"), Four Winds' response **(# 133)** and 22 Miles' reply **(# 135)**.

Four Winds commenced this action sounding in patent infringement in March 2016. By November 2016, Four Winds amended its Complaint, drawing a Motion to Dismiss **(# 60)** from 22 Miles. While that motion was pending, consistent with the Scheduling Order **(# 42)**, the parties filed claim construction briefs **(# 80, 86)** beginning in January 2017. In March 2017, the Magistrate Judge issued a Recommendation **(# 94)** that 22 Miles' Motion to Dismiss be granted in part and denied in part, and both sides filed Objections **(# 96, 97)** to that Recommendation. On May 30, 2017, while the above-referenced matters remained pending, Four Winds filed a Notice of Voluntary Dismissal **(# 128)** pursuant to Fed. R. Civ. P. 41(a)(1), unilaterally dismissing its claims without prejudice. Consonant with that notice, this Court closed the case.

1

Shortly thereafter, 22 Miles filed the instant motion **(# 132)**, seeking to strike Four Winds' dismissal notice. 22 Miles contends that, under Rule 41(a)(1)(A)(i), Four Winds was precluded from dismissing unilaterally, as either the Motion to Dismiss, the claim construction briefs, or the Magistrate Judge's Recommendation constituted the equivalent of "motion for summary judgment," thereby blocking Four Winds from acting unilaterally under that rule. 22 Miles argued that, to the extent Four Winds sought dismissal, that dismissal must be sought from the Court under Rule 41(a)(2), and on such terms as the Court may require. 22 Miles argues that, due to Four Winds' neglect of its discovery obligations, this Court should require that any dismissal of Four Winds' claims be with prejudice.

Rule 41(a)(1)(A)(i) provides that a plaintiff may unilaterally dismiss an action "before the opposing party serves either an answer or a motion for summary judgment." It is undisputed that 22 Miles has never filed an answer or a summary judgment motion in this action. However, 22 Miles argues that several filings in this case constitute the equivalent of a motion for summary judgment, thereby depriving Four Winds of the ability to act unilaterally.

The Court reflexively rejects the first of 22 Miles' arguments: that its own Motion to Dismiss constituted a motion for summary judgment because Four Winds responded to it by including information outside the four corners of the Amended Complaint. It is well-settled that "unless formally converted into a motion for summary judgment under Rule 56, . . . it is clear that a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice." Wright & Miller, et al., Federal Practice and Procedure, Civil § 2363 (emphasis added); *see also Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (conversion of Rule 12 motion to one for summary judgment does not occur simply because a party tendered extraneous materials; it "takes place at the discretion of the court, and at the time the court affirmatively decides not to

exclude the extraneous matters"). Here, even assuming that the Magistrate Judge's Recommendation is the proper ruling to assess, it is undisputed that the Magistrate Judge neither expressly stated that he was converting 22 Miles' dismissal motion into one for summary judgment, nor specifically relied upon the extraneous material that Four Winds had submitted in making his recommendations. 22 Miles points only to boilerplate language that the Magistrate Judge stated he "considered the Motion and related briefing [and] the entire case file" in deciding the Recommendation, but points to no specific discussion by the Magistrate Judge of any extraneous submission or any indication that the Magistrate Judge necessarily relied upon such materials in reaching his conclusions.[1] Because nothing in the record indicates that the Magistrate Judge actually considered and relied upon extraneous material, much less formally announced his intention to treat the dismissal motion as one for summary judgment, 22 Miles' argument that the motion to dismiss was converted to a motion for summary judgment is without merit.

Second, 22 Miles argues that the issuance of the Magistrate Judge's Recommendation, and the parties' filing objections to it, prevented Four Winds from invoking Rule 41(a)(1). Greatly distilled, the argument is as follows: Rule 41(a)(1) states that its operation is "subject . . . to any applicable federal statute." 22 Miles then points to the Magistrates Act, 28 U.S.C. § 636(b)(1), which states that, once a recommendation is objected to, "the court shall made a de

---

[1] In reply, 22 Miles contends that the Magistrate Judge did expressly rely upon extrinsic material – namely, the parties' claim construction briefs – in issuing the Recommendation. It cites to footnote 8 of the Recommendation. That footnote indicates that, following oral arguments, the Magistrate Judge invited "supplemental submissions" from the parties on a particular question. Ultimately, however, the Magistrate Judge concluded that arguments raised for the first time in those supplemental submissions were "likely waived," and in any event, "d[id] not rely upon any . . . supplemental submission." 22 Miles' argument that the Magistrate Judge's refusal to consider these supplemental submissions somehow constitutes the Magistrate Judge converting the motion to one for summary judgment borders on the disingenuous.

3

novo determination" of the objections. (Emphasis added.) 22 Miles thus argues that the Magistrates Act's <u>requirement</u> that the Court resolve objections is an "applicable federal statute" that precludes circumvention via a voluntary dismissal. Clever as this argument may be, the Court notes that 22 Miles has cited no authority that actually adopts such an argument, nor has the Court's own research revealed any.

The "subject to any applicable federal statute" language in Rule 41(a)(1) refers to particular statutes that expressly or impliedly require court approval before a claim may be dismissed. *Cheeks v. Freeport Pancake House, Inc.*, 796F.3d 199, 204 (2d Cir. 2015), *citing* 1937 Advisory Committee Notes to Rule 41. For example, 8 U.S.C. § 1329, specifically cited in the 1937 Advisory Committee notes, provides that "No suit or proceeding for a violation of any of the provisions of this subchapter shall be settled, compromised, or discontinued without the consent of the court." Clearly, allowing a unilateral dismissal under Rule 41(a)(1) would subvert the Congressional intent in these statutes that the court approve any dismissal. The Magistrates Act is not a statute that conditions dismissal of a claim upon court approval. The fact that it uses mandatory language to indicate how its provisions are implemented is not the equivalent of a prohibition against a dismissal without court approval.[2] Accordingly, the Court rejects 22 Miles' argument that the filing of Objections to the Recommendation deprived Four Winds of the ability to invoke Rule 41(a)(1) unilaterally.

---

[2] By 22 Miles' logic, mandatory language in Fed. R. Civ. P. 24(a) – "the court must permit anyone to intervene who [meets certain criteria]" – would also prohibit Rule 41(a)(1) dismissals when a motion to intervene under that rule was pending. After all, a premature dismissal would prevent the court from allowing the intervention. However, as cases like *GMAC Commercial Mortg. Corp. v LaSalle Bank Natl. Assn.*, 213 F.R.D. 150 (S.D.N.Y. 2003), illustrate, the pendency of a motion to intervene does not prevent a Rule 41(a)(1) dismissal from taking effect. *See also Fort Sill Apache Tribe of Okla. v. U.S.*, 2008 WL 2891654 (W.D.Ok. 2008) (slip op.) ("The fact that a motion to intervene is pending at the time the notice is filed does not affect the automatic dismissal provided for by Rule 41(a)(1)(A)(i)").

Finally, 22 Miles offers a fairly abbreviated argument that the parties' filing of claim construction briefs (and a boilerplate Joint Motion for Claim Construction (**# 89**)) was the equivalent of a summary judgment motion, stripping Four Winds of the ability to unilaterally dismiss. The Court rejects this argument for several reasons. 22 Miles does not significantly elaborate on this argument, except to suggest that, like summary judgment, claim construction can "resolv[e] the legal issue of the scope of patent claims." Thus, the Court rejects the argument is insufficiently-developed. Second, it is patently clear that a Joint Motion for Claim Construction is not a Motion for Summary Judgment. They may have similarities in various ways, but they are not identical or even closely-related. (Indeed, motions to dismiss and motions for summary judgment share similarities as well, but it is undisputed that the former will not prevent a Rule 41(a)(1) dismissal.) To the extent that the drafters of the Federal Rules wanted something summary judgment-<u>like</u> motions to block unilateral dismissals, they were free to state as much and to establish the criteria that would govern such comparisons.

22 Miles' strongest argument on this point derives from *Butler v. Denton*, 150 F.2d 687 (10th Cir. 1945). In that case, the 10th Circuit affirmed a trial court's refusal to accept a Rule 41(a)(1) dismissal in a case seeking to determine rights to a probate estate involving Indian claimants. The 10th Circuit explaining that the pre-dismissal intervention of the United States and its filing of a 'plea of intervention' "tendered justiciable issues for determination" and that "in that posture . . . plaintiff was not vested with the absolute right of dismissal." *Id.* at 690. The "tendered justiciable issues" standard that *Butler* appears to create is a curious one. The 10th Circuit has never uttered it since (much less attempted to apply it), and many of the few cases that use it – a search using that phrase on Westlaw produces only 10 results – merely quote from or refer to *Butler*. As best this Court can determine, only one decision actually applies the

"tenders justiciable issues" to a fact pattern, *Anderson v. Merit Energy Corp.*, 2008 WL 2095533 (D.Colo. May 16, 2008), and it does so only in *dicta*, having already observed that a defendant had filed an answer to a prior iteration of the complaint.

Upon careful research and review, this Court concludes that *Butler*, once properly understood, offers no new standard or remarkable outcome. Several courts, including one of *Butler*'s contemporaries, understand its somewhat arcane and archaic language to conceal an obvious outcome. In *Kilpatrick v. Texas & Pacific R.R. Co.*, 166 F.2d 788, 792 (2d Cir. 1948), the court explained that in *Butler*, "the United States had there intervened, and filed a 'plea of intervention,' setting up affirmative matter which the court <u>construed to be an answer</u> because it introduced issues not raised by the plaintiff's amended petition." (Emphasis added.) Several other cases have also characterized the outcome of *Butler* as being driven by the fact that a party had answered. *Ecuadorian Gulf Oil Co. v. Atlantic Richfield Co.*, 73 F.R.D. 99, 100 (C.D.Ca. 1976) (observing that in *Butler* and another case, "third parties had filed pleas of intervention which controverted the allegations of the complaint. . . . [These pleadings,] while not denominated 'answers', accomplished the purpose of answers of putting the cases at issue"); *In re Irish Bank Resolution Corp. Ltd.*, 2014 WL 1884916 (Bankr. D.Del. 2014) ("The *Butler* court treated the plea of intervention as the equivalent of an answer"). Viewed in this light, *Butler* does nothing more than illustrate the facial operation of Rule 41(a)(1) as written: a party had filed an answer before the plaintiff sought to unilaterally dismiss, preventing such dismissal. Accordingly, the Court does not consider the parties' Joint Motion for Claim Construction or its accompanying briefing to constitute an "answer or motion for summary judgment" under Rule 41(a)(1).

To be sure, this case involved a more significant presentation of issues than many other cases in which Rule 41(a)(1) notices were filed. But this Court resists 22 Miles' invitation to extend Rule 41(a)(1) beyond its plain terms. *See e.g. Pilot Freight Carriers, Inc. v. Intl. Brotherhood of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1976). *Pilot Freight* reflects the beginning of a more modern pendulum swing away from interpretations that deactivate Rule 41(a)(1) "whenever the merits of the controversy have been presented to the court in any manner," and back towards an understanding that the rule "means precisely what it says." *Id.; compare Harvey Aluminum, Inc. v. American Cyanamid*, 203 F.2d 105, 107-08 (2d Cir. 1953) (negating Rule 41(a)(1) where "an advanced stage of a suit has been reached," even though no answer or summary judgment motion had been filed) *with Johnson Chem. Co. v. Home Care Products, Inc.,* 823 F.2d 28, 30 (2d Cir. 1987) (acknowledging that *Harvey* "received a 'cool reception'" and "must be limited to its 'extreme' facts"). As *Pilot Freight* announced more than 40 years ago, if "comprehensive modification of the Rule is desirable, the request must be addressed to the Supreme Court and to Congress, not to this Court." 506 F.2d at 917.

Accordingly, the Court finds that Four Winds' Rule 41(a)(1) notice of dismissal was properly filed and this case was properly dismissed without prejudice. 22 Miles' Motion to Strike **(# 132)** is **DENIED**.

Dated this 24th day of January, 2018.
**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

7